UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FUSION DIAGNOSTIC LABORATORIES, LLC.,**<br>      **Plaintiff,**<br><br>v.<br><br>**ATILA BIOSYSTEMS, INC.**<br><br>      **Defendant.** | Civ. No. 2:24-cv-00184 (WJM)<br><br>OPINION |

In this is a breach of contract action, Plaintiff Fusion Diagnostic Laboratories, Inc. ("Fusion" or "Plaintiff") appeals Magistrate Judge Clark's September 23, 2025 Letter Order, ECF No. 59, denying Fusion's request to depose Dr. Rong Wang and to copy Defendant Atila Biosystems, Inc.'s ("Atila" or "Defendant") hard drive. ECF No. 60. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's appeal is **DENIED** and Magistrate Judge Clark's decision is **AFFIRMED**.

I.   **BACKGROUND**[1]

Fusion is a New Jersey independent clinical laboratory that offers diagnostic testing services, including SARS-CoV-2 ("Covid") testing. Compl. ¶ 1. Atila is a California based manufacturer and supplier of laboratory products including Covid Detection Kits ("Covid Kits"). *Id.* at ¶ 2. Fusion filed suit on January 11, 2024 seeking $30 million compensatory and punitive damages from damage to its business reputation as a result of Atila's purportedly defective Covid Kits, specifically Lots 16 and 31.

Atila performs quality control tests for every "lot" of Covid Kits prior to shipping the tests to customers. The data showing the complete results of quality control tests are saved in raw data files ("Raw Data Files") on its computer hard drive. A Certificate of Analysis ("COA") is a one-page summary of the results of the quality control test set forth in the Raw Data Files. Atila claims it does not generate a COA for every lot but does so upon customer request. In January 2022, Atila's customer, Cedar Creek Lab, requested COAs for Lots 31 and 14. Lot 31 is at issue in this suit, but Lot 14 is not. Atila's employee, Yifan Chen, generated the requested COAs and send them to Cedar Creek Lab. Jiyun Lee Decl. ("Lee Decl."), ¶ 12, Ex. J, ECF No. 61-1.

---

[1] The Court assumes familiarity with the facts of this case, which are more fully set forth in the Court's June 17, 2024 Opinion, ECF No. 16.

1

On August 30, 2024, as part of its initial disclosures, Atila provided Fusion the COAs for Lot 31 and inadvertently, Lot 14, which is not at issue in this case. On November 6, 2024, Atila produced the COA for Lot 16 to Fusion. Fusion deposed Mr. Chen on April 17, 2025 and asked him if the graph curves on Lots 16 and 31 looked identical. *Id.* at ¶ 14, Ex. L. After the deposition, Atila investigated this issue and informed Fusion that the COA for Lot 16 was not a contemporaneous document created in December 2021 because no customer had requested a COA for Lot 16. Dennis Smith Cert. ("Smith Cert."), Ex. D, ECF No. 60-3. Instead, Mr. Chen had generated the Lot 16 COA in October 2024 in response to an email request for it. Lee Decl., ¶ 15, Ex. M. Atila also advised Fusion and Judge Clark that when Mr. Chen created the Lot 16 COA, he did not know there was an ongoing lawsuit or that the document would be produced in this case. *See id.*; Lee Decl., Ex. N, Chen Dep. at 25:5-14. On May 16, 2025, Atila produced the Raw Data Files representing the quality control tests performed on Lots 16 and 31 in December 2021 and January 2022, respectively, in their native, electronic format. *Id.* at ¶ 16; *see also* Smith Cert., Ex. D.

On May 1, 2025, Judge Clark granted Fusion's request for a 60-day extension of the original April 30, 2025 discovery cutoff date so that it could issue subpoenas to Atila's customers. *See* ECF No. 44.

On June 12, 2025, Fusion made a second request for a 60-day extension of fact discovery seeking, among other things, a second deposition of Mr. Chen and a copy of the hard drive of Atila's computer. ECF No. 45. After a telephone conference with the parties on July 21, 2025, Judge Clark allowed Fusion to re-depose Mr. Chen but denied the request for examination of Atila's hard drive and other additional discovery requests. ECF No. 52.

During Mr. Chen's second deposition on August 28, 2025, Mr. Chen explained that the Lot 16 COA had the same graph curve as Lot 31's COA because he had used the latter COA as a "template," copied and pasted three graphs from the Lot 16 Raw Data File, but then accidentally deleted the newly inserted Lot 16 graphs instead of the original "template" graphs for Lot 31. Chen Dep. at 62:20-63:19. Mr. Chen also testified that the Raw Data Files can be tracked and that at the time of testing, a timestamp is automatically generated that cannot be altered or modified. *Id.* at 68:7-69:1, 71:20-72:10.

On September 8, 2025, Fusion sought a third extension of fact discovery seeking permission to depose Dr. Rong Wang, Mr. Chen's manager who signed the Lot 16 COA, because it believed Dr. Wang had "participated in the fabrication" of the Lot 16 COA. ECF No. 53. Fusion also renewed its request for a copy of Atila's hard drive utilized to fabricate the COA for Lot 16 from December 1, 2021 to January 31, 2022 and for the month Lot 16 COA was fabricated, October 2024. *Id.* Fusion argued that according to its "molecular expert," the raw data Atila relied on to assert that Lots 16 and 31 were not defective can be altered. *Id.* After holding a telephone conference on September 23, 2025, Judge Clark denied Fusion's requests. ECF No. 59. Judge Clark noted that Dr. Wang had been identified as a signatory during Mr. Chen's first deposition and as a potential witness over a year ago,

*see* Lee Decl., ¶ 19; he further concluded that nothing in Mr. Chen's deposition raised any additional suspicions regarding Dr. Wang and that her deposition would not lead to discoverable evidence. Lee Decl., Ex. A Conf. Tr. at 9:25-10:9. As for the hard drive, Judge Clark observed that nothing had changed since the previous request for the hard drive and that permitting that discovery would be "burdensome" and not "proportional to the needs of the case." *Id.* at 10:14-11:5.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and L. Civ. R. 72.1(c)(1)(A), Fusion now appeals Judge Clark's decision denying its requests to depose Dr. Wang and to copy Atila's computer hard drive from December 2021 to January 2022 and October 2024. As explained below, Fusion's appeal is **denied.**

## II. DISCUSSION

### A. Standard

A district court may reverse a Magistrate Judge's non-dispositive order if the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). When "the magistrate [judge] has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." *Kresefsky v. Panasonic Communs. & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). The appellant bears the burden of demonstrating that the standard for modifying or setting aside the Magistrate Judge's ruling has been met. *Marks v. Struble,* 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

### B. Deposition of Dr. Rong Wang

Fusion argues that it should be allowed to depose Dr. Wang on the grounds that "*if* Dr. Wang participated in the fabrication, it is reasonable to conclude that she was trying to mislead Fusion." Pl. Br. at 5 (emphasis added). Fusion also claims that deposing Dr. Wang is warranted based on "new" evidence that it did not learn until August 28, 2025 during Mr. Chen's second deposition - that Dr. Wang had actually executed the "fabricated" Lot 16 COA because when it first learned of the "fabrication" in May 2025, it had wrongly assumed that the entire OCA was fabricated including "signatures and all." Pl. Reply Br. at 12. However, Fusion's purported realization of the error of its assumption is not "new" evidence. In any event, as Judge Clark observed at the September 23, 2025 telephone conference, Dr. Wang was identified as a potential witness over a year ago in Atila's initial disclosures dated August 16, 2024. Denying Fusion's third request to extend discovery was not an abuse of discretion nor clearly erroneous or contrary to law.

### C. Computer Hard Drive

Fusion insists that copying Atila's hard drive is necessary to assure it that no one at Atila tampered with the Raw Data Files. The Court disagrees. As Atila notes, Fusion has not submitted any supporting documentation from its unnamed "molecular expert" that a

3

data file can, in fact, be modified. Moreover, Fusion concludes that Mr. Chen *fabricated* the Lot 16 COA because Mr. Chen *created* it after he was asked to do so and initially made a copy-paste mistake in doing so. Without more, Fusion's theory is founded on mere suspicion. *See Ranton v. Quest Diagnostics,* No. 22-2636, 2024 WL 3092024, at *4 (D.N.J. June 21, 2024) ("'Mere suspicion' or speculation that an opposing party may be withholding discoverable information is insufficient to support an 'intrusive examination' of the opposing party's electronic devices or information systems." (citations omitted)). The Magistrate Judge's September 23, 2025 Order concluding that examination of Atila's hard drive was burdensome and not proportional to the needs of the case was not an abuse his discretion, clearly erroneous, or contrary to law.

### III. CONCLUSION

For the reasons noted above, Judge Clark's September 23, 2025 decision is **affirmed.** An appropriate Order follows.

Date: November 4, 2025

WILLIAM J. MARTINI, U.S.D.J.

4